UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

OMAR OCASIO, 94A6267,

       Plaintiff,

-v-

Mr. JAMES CONWAY, Supt. Attica Corr. Fac.;
Mr. D. NAPOLI, Supt. Southport Corr. Fac.;
Mr. BRIAN FISCHER, Comm. N.Y.S. D.O.C.S.;
Mr. LESTER WRIGHT, N.Y.S.DOCS Chief
Medical Officer, Asst. Comm. N.Y.S.D.O.C.S.;
Mr. S. HALUSKA, Med. Dr. Former Reviewing
Physician, Southport Corr. Fac.;
Ms. NANCY SHOONOVER, Former I.G.R.C.
Cord. Southport; Ms. S. VOHUHAGEN,
I.G.R.C. Southport Corr. Fac.;
Ms. MARILYN BRIDGE, Dep. of Admin.
Southport Corr. Fac.; Ms. JILL JILLSON, RN
Med Dept. Southport Corr. Fac.;
Ms. ANGIEGORG, RN Southport Corr. Fac.;
B. OAKES, Med. Dr. Southport Corr. Facility;
Mr. JADOW RAO, Med. Dept. Reviewing
Physician; Ms. MICHELLE WOELLER, Dep of
Admin. Attica Corr. Fac.; G. STRUEBLE; I.G.R.C.
Cord.; MARC JANES, I.G.R.C. Cord., both of
Attica Corr. Fac.; Ms. ROSALYN KILLINGER,
Nurse Administrater Attica Corr Fac.;
Ms. JENNIFER BOYCE, RN Attica Corr. Fac.;
Mr. S. LASTOWSKI, Attica Corr. Fac.;
V. HAWLEY; S. WILLEY, S.H.U. Sergant Attica
Corr. Fac.; Mr. G. KANIA, C. O. Attica Corr. Fac.;
Ms. K. CROWLEY, Dep. of Admin.;
MS. KELLY KONESKY, both of Wende Corr. Fac.;
Ms. K. BELLAMY, Dir. Inmate Grievance Program
N.Y.S. D.O.C.S.; Ms. P LOFFREDO, Facility
Specialists N.Y.S. Comm. of Corr.
and N.Y.S.D.O.C.S.; All in Individual Capacity;

       Defendants.

___

**DECISION AND ORDER**
10-CV-6201Fe



## INTRODUCTION

Plaintiff, Omar Ocasio, an inmate of the Auburn Correctional Facility at the time he filed this complaint, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 and other statutes (Docket No. 1). Plaintiff has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2), and has applied to the Court for appointment of counsel (Docket No. 3). Plaintiff claims that in excess of twenty five defendants employed by, or providing services at, several New York State Correctional Facilities and the Department of Corrections (DOCS), violated his rights. The specific manners in which his rights were violated can not be readily discerned, but they relate to the conditions of confinement he experienced in the Southport, Wende and Attica Correctional Facilities. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action. Therefore, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary

relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); see also *Abbas v. Dixon,* 480 F.3d 636 (2d Cir. 2007).

**Address**

Preliminarily, it appears that the Court does not have plaintiff's current address. A letter included with plaintiff's filing indicates that he was to be released from prison very shortly after filing this action. The website provided by the New York State DOCS confirms that plaintiff has been discharged upon reaching his maximum expiration date. Based on this, it appears that plaintiff has failed to provide the Court with an address where papers may be served.

Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se* "must furnish the Court with a current address at which papers may be served on the litigant. .... In addition, the Court must have a current address at all times. Thus a *pro se* litigant must notify the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." Local Rule of Civil Procedure 5.2(d).

Accordingly, **plaintiff is directed to provide the Court with an address where papers may be served by May 28, 2010 or the case will be dismissed with prejudice without further order of the Court.**

**Counsel**

In addition, plaintiff has applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e). Because plaintiff's claims are not going forward

unless the complaint is amended as directed above, plaintiff's request for appointment of counsel is denied as premature.

**Standard**

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); see also *Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson,* 551 U.S. at 94 (internal quotation marks and citations omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal " 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.' " *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.[1] "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that, unless plaintiff files an amended complaint as directed below, plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

**Complaint deficiencies**

Plaintiff organizes his complaint into two claims. He combines several diverse allegations over a period of years and at several correctional facilities in each claim. Generally, plaintiff alleges in the First Claim that in 2004 through January of 2005 he sought a medical proxy and treatment while in Attica. Although it is impossible to discern the specifics of his claim, it appears to relate to lack of treatment of a vein condition. In the Second Claim, plaintiff alleges that between 2007 and 2009 in Southport, Wende, and Attica, he was "unable to practice, groom himself and become educated." The gist of the allegations involve inadequate and rotted Kosher meals, lack of access to a Rabbi, lack of adequate mental health treatment, other bad conditions and retaliation.

---

[1] It is possible that plaintiff also brings the action under the Americans with Disabilities Act and the Religious Land Use and Institutionalized Person Act.

These claims are subject to dismissal with prejudice. It is impossible to determine who did what specific thing to plaintiff through most of the complaint in order to determine if plaintiff can state any claim as to any specific defendant. Among other things, plaintiff has devised a key wherein he ascribes an alphabetical letter to each defendant named, and then refers to those alphabetical letters in the complaint, rather than a defendant's name. In addition, he jumps back and forth between 2004 and 2009 in his recitation, such that it is not possible for the Court to determine when certain complained-of acts took place, or even in what Correctional Facility. It is also not possible for the Court to determine what, if any, allegations fall within the three year statute of limitations for § 1983 claims in New York.

However, because it appears that plaintiff may be able to state a claim for relief, the Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding these claims are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

Plaintiff is directed to amend his complaint using the Court's pre-printed prisoner complaint forms. He must be specific as to what his complaint is, and who did what, at what specific time, and at what Correctional Facility. He must use the defendant's name when stating what he or she did that he complains of.

Plaintiff should avoid describing his opinion of the action and confine himself, to the extent possible, with stating the action or lack of action that he complains of in each incident or problem.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **June 28, 2010** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants and regarding the claims he wishes to raise in this amended complaint, so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that if plaintiff fails to provide an address by **May 28, 2010**, the Clerk of the Court is directed to close this case as dismissed without prejudice without further order of the Court;

FURTHER, that plaintiff's motion for appointment of counsel is denied as premature;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **June 28, 2010**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **June 28, 2010**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **June 28, 2010**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **June 28, 2010**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT COURT

Dated: May 6, 2010