UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OMAR OCASIO,

        Plaintiff,

-v-

Mr. JAMES CONWAY, Supt. Attica Corr. Fac.;
Mr. D. NAPOLI, Supt. Southport Corr. Fac.;
Mr. BRIAN FISCHER, Comm. N.Y.S. D.O.C.S.;
Mr. LESTER WRIGHT, N.Y.S.DOCS Chief
Medical Officer, Asst. Comm. N.Y.S.D.O.C.S.;
Mr. S. HALUSKA, Med. Dr. Former Reviewing
Physician, Southport Corr. Fac.;
Ms. NANCY SHOONOVER, Former I.G.R.C.
Cord. Southport; Ms. S. VOHUHAGEN,
I.G.R.C. Southport Corr. Fac.;
Ms. MARILYN BRIDGE, Dep. of Admin.
Southport Corr. Fac.; Ms. JILL JILLSON, RN
Med Dept. Southport Corr. Fac.;
Ms. ANGIEGORG, RN Southport Corr. Fac.;
B. OAKES, Med. Dr. Southport Corr. Facility;
Mr. JADOW RAO, Med. Dept. Reviewing
Physician; Ms. MICHELLE WOELLER, Dep of
Admin. Attica Corr. Fac.; G. STRUEBLE; I.G.R.C.
Cord.; MARC JANES, I.G.R.C. Cord., both of
Attica Corr. Fac.; Ms. ROSALYN KILLINGER,
Nurse Administrater Attica Corr Fac.;
Ms. JENNIFER BOYCE, RN Attica Corr. Fac.;
Mr. S. LASTOWSKI, Attica Corr. Fac.;
V. HAWLEY; S. WILLEY, S.H.U. Sergant Attica
Corr. Fac.; Mr. G. KANIA, C. O. Attica Corr. Fac.;
Ms. K. CROWLEY, Dep. of Admin.;
MS. KELLY KONESKY, both of Wende Corr. Fac.;
Ms. K. BELLAMY, Dir. Inmate Grievance Program
N.Y.S. D.O.C.S.; Ms. P LOFFREDO, Facility
Specialists N.Y.S. Comm. of Corr.
and N.Y.S.D.O.C.S.;

        Defendants.

**DECISION and ORDER**
10-CV-6201Fe



By Order dated May 6, 2010, plaintiff was directed to amend his complaint (Docket # 4). Plaintiff has now amended the complaint and the Court has reviewed it under the standards of 28 U.S.C. §§ 1915(e) and 1915A.

Plaintiff again has organized his complaint into two claims. He again combines diverse allegations occurring over a period of several years and at several correctional facilities in each claim. These claims are stated with even less specificity that in his original complaint, except as to one allegation in the Second Claim.

With regard to the First Claim, the Court cannot determine if the broad allegations of failure to provide medical care and various other violations could state a claim against any of the twenty-six defendants because of plaintiff's failure to "be specific as to what his complaint is, and who did what, at what specific time, and at what Correctional Facility," as the Court directed him to do. (Docket No. 4.) The First Claim is therefore dismissed.

The portion of the Second Claim wherein plaintiff alleges that defendant Konesky threw plaintiff out of a mental health program at Wende in March of 2009 for which a forensic committee had approved him in retaliation for his complaints can go forward to be answered at this stage (page 2 of 4 of Second Claim). All other defendants and purported violations plaintiff may have intended to include in the Second Claim are dismissed for failure to "be specific as to what his complaint is, and who did what, at what specific time, and at what Correctional Facility," as the Court directed plaintiff to do.

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon defendant Konesky without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the sole remaining defendant, Ms. Kelly Konesky, is directed to answer the complaint.

SO ORDERED.

Dated: July 22, 2010
Buffalo, New York

/s/ William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court