UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OMAR OCASIO,

                            Plaintiff,

                                                          <u>DECISION AND ORDER</u>

                                                          10-CV-6201L

                            v.

KELLY KONESKY,
Social Worker Mental Health
Wende Corr. Fac. NYS DOCS,

                            Defendant.
_____

       Plaintiff, Omar Ocasio, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleges that his constitutional rights were violated in 2009, at which time he was confined at Wende Correctional Facility.

       In his original complaint, which was filed in April 2010, plaintiff sued over two dozen DOCS employees, alleging a wide, if ill-defined, variety of claims against them, arising out of events that took place over a period of years, at several different facilities. In May 2010, the Court issued a Decision and Order (Dkt. #4), stating that it was "impossible to determine" from plaintiff's unspecific, jumbled allegations whether he could "state any claim as to any specific defendant." Dkt. #4 at 6. The Court granted plaintiff leave to file an amended complaint, with the caveat that plaintiff "must be specific as to what his complaint is, and who did what, at what specific time, and at what Correctional Facility." *Id.*

       Plaintiff filed an amended complaint in June 2010, naming the same defendants. In July 2010, the Court issued another Decision and Order, dismissing all but one of plaintiff's claims. Observing that the claims in the amended complaint were "stated with even less specificity" than those in the original complaint, Dkt. #6 at 2, the Court found just one claim to be pleaded sufficiently

to allow it to go forward: plaintiff's claim that "defendant Konesky threw plaintiff out of a mental health program at Wende in March of 2009 for which a forensic committee had approved him in retaliation for his complaints ... ." *Id.* All of plaintiff's other claims, against all the other defendants, were dismissed.

Konesky has now moved for summary judgment dismissing plaintiff's claim against her, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, Konesky's motion is granted, and the complaint is dismissed.

### DISCUSSION

The amended complaint (Dkt. #5) alleges that after plaintiff had filed grievances about his living conditions, Konesky, who was a social worker employed with DOCS's Office of Mental Health, "in retaliatory malice [sic] intent ... through [sic] plaintiff out of this mental health program, in which a forensic committee ... specifically approved plaintiff for." Dkt.#5 at 10.

Plaintiff's medical records, which have been manually filed with the Court, show that when he was transferred from the Central New York Psychiatric Center ("CNYPC") to Wende in October 2008, plaintiff had a diagnosis of anxiety disorder NOS, with a secondary diagnosis of antisocial personality disorder.[1] *See* Def. Ex. A.

On January 6, 2009, Konesky filed a misbehavior report against plaintiff, Dkt. #28 at 6, alleging that plaintiff had forged her name on a certain document. Plaintiff alleges, and defendant does not appear to deny, that this charge was eventually dismissed. *See* Amended Complaint at 11.

On February 18, 2009, Konesky submitted a request to CNYPC asking that plaintiff's diagnosis of anxiety disorder NOS, and his "S" designation, be removed. An "S" designation indicates that an inmate has a serious mental illness. Only prisoners with an "S" designation are

---

[1]"NOS" apparently stands for "not otherwise specified." *See Garcia v. Astrue*, No. CV 10-03827, 2011 WL 4500072, at *2 (C.D.Cal. Sept. 28, 2011).

allowed to participate in the Intensive Intermediate Care Program ("IICP"), which is an intensive mental health program administered by DOCS. Participants in IICP are segregated from the general prison population. Konesky Decl. (Dkt. #28) at 2 ¶ 5(e). At the time of Konesky's request, plaintiff was a participant in IICP.

Plaintiff's treating physician, Dr. Paulo Espanola, approved and authorized the change in plaintiff's diagnosis and designation. The diagnosis of anxiety disorder NOS was removed, as was plaintiff's "S" designation. Plaintiff's principal diagnosis at that point, then, was antisocial personality disorder. As a result of this change, plaintiff was transferred into general population at Wende in March 2009. Although he was no longer a participant in IICP, plaintiff did continue to receive mental health care.

This evidence and plaintiff's allegations fail to give rise to any genuine issues of fact material to plaintiff's retaliation claim against Konesky. The Second Circuit has directed district courts to approach prisoner retaliation claims "with skepticism and particular care," *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), and such skepticism is well warranted in this case. *See also Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("Retaliation claims by prisoners are 'prone to abuse' since prisoners can claim retaliation for every decision they dislike") (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)). There is simply no evidence that Konesky acted out of retaliatory animus. The only evidence concerning these events indicates that Konesky was motivated only by her own observations of plaintiff's symptoms, and that her conclusions concerning plaintiff's status were seconded by plaintiff's treating physician and other DOCS staff. *See* Def. Ex. C.

To the extent that the amended complaint could be read as asserting a claim under the Eighth Amendment for denial of adequate medical care, I find that such a claim must also be dismissed. The record conclusively demonstrates that although plaintiff was removed from IICP, he did continue to receive mental health care. There is no indication that such care was inadequate in any way. In addition, as stated above, there is no evidence that Konesky acted out of any improper motive, and therefore plaintiff cannot establish the subjective prong of an Eighth Amendment claim.

*See Wilson v. Seiter*, 501 U.S. 294, 299 (1991); *Guarneri v. West*, 782 F.Supp.2d 51, 55-56 (W.D.N.Y. 2011).

Finally, I note that plaintiff has also filed a motion to compel discovery (Dkt. #23) and a motion to change venue to the Southern District of New York (Dkt. #19). Nothing in plaintiff's motion to compel, or in his papers in opposition to Konesky's summary judgment motion, indicates that he needs discovery in order to respond to Konesky's motion. In addition, defendants have responded to plaintiff's interrogatories, *see* Dkt. #31, which appears at least in part to have mooted plaintiff's motion to compel.

Plaintiff has not set forth any facts that would support transfer of this action to the Southern District of New York. In any event, the Court's decision on Konesky's summary judgment motion renders the motion to change venue moot.

## CONCLUSION

Defendant's motion for summary judgment (Dkt. #25) is granted, and the complaint is dismissed.

Plaintiff's motions to change venue (Dkt. #19) and motion to compel (Dkt. #23) are denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 1, 2011.